IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ERICA RAMIREZ, on behalf of herself and all other persons similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>SNAP NURSE, INC.,<br>675 Ponce De Leon Avenue, N.E.<br>Suite 8500<br>Atlanta, GA 30308,<br><br>   Defendant. | Civil Action No.: |

## CLASS ACTION COMPLAINT

Plaintiff Erica Ramirez, ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her counsel, brings this wage and hour and breach of contract action against her former employer, Defendant Snap Nurse, Inc. ("Snap"), and alleges as follows:

## NATURE OF THE ACTION

1. This case arises out of Snap's failure to properly pay wages for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and in breach of its contract with Plaintiff and members of the class.

2. It is upon information and belief that Snap enters into contracts with healthcare providers to offer their services to entities in need of healthcare providers.

3. Snap serves as an intermediary for healthcare providers to find temporary work across the United States.

4. Snap's contracts uniformly provide healthcare providers a guaranteed amount of hours and pay regardless of whether their services are needed for each contract.

1

5. If you are a healthcare provider, Snap will contract with hospitals and entities across the country who are in need of healthcare providers. Once the healthcare provider contracts with Snap, Snap will then provide them a provider in another area that is in need of their services. As part of the inducement to the provider to travel to another area to provide their services, Snap guarantees the provider will be paid at least a certain amount of time regardless of whether the entity ends up using the provider's services.

6. Snap would not be able to provide healthcare providers unless it provided this guarantee because it would not be financially beneficial for a healthcare provider to travel to another state without a guarantee that it would be provided pay for their services.

7. In spite of these contracts with healthcare providers, it is upon information and belief that Snap does not provide pay for the guarantee it contracted with each healthcare provider in violation of its contract.

8. It is upon information and belief that Snap does not provide compensation for travel time to and from each site in violation of the FLSA.

9. It is upon information and belief that Snap does not provide compensation for all overtime wages.

10. Accordingly, Snap is liable for its failure to pay Plaintiff and members of the putative class for all hours worked and time and a half for hours worked in excess of 40.

11. It is also upon information and belief that Snap does not pay its employees in breach of its contract with Plaintiff and members of the putative class which guaranteed pay for at least two weeks of work time, as well as reimbursement of expenses.

## JURISDICTION AND VENUE

12. Plaintiff brings this action under Georgia law and the FLSA for hours worked and uncompensated hours that are promised under its contract with Defendant.

13. This Court has subject-matter jurisdiction over all Plaintiff's claims pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because there exists diversity of citizenship for purposes of CAFA and because the total amount in controversy exceeds $5 million.

14. Additionally, this Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

15. Finally, this Court has Federal Question Jurisdiction since Plaintiff is bringing a claim under the FLSA pursuant to 28 U.S.C. 201 *et seq*.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1). Defendant is incorporated, headquartered, and a citizen of the State of Georgia.

## PARTIES

17. Plaintiff Erica Ramirez is a healthcare provider who is a citizen of Pennsylvania, residing in Beaver County, Pennsylvania.

18. Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as a representative of the proposed class action of similarly situated employees.

19. Plaintiff also brings this action pursuant to the FLSA as a collective action on behalf of all similarly situated employees.

20. At all relevant times, Plaintiff was a citizen and resident of Pennsylvania.

21. At all relevant times, Defendant Snap is a citizen of Georgia where it is incorporated and headquartered at 675 Ponce De Leon Avenue, N.E., Suite 8500, Atlanta, Georgia 30308.

22. At all times, Defendant contracted with healthcare providers across the country to provide their services to hospitals and entities in need of healthcare providers throughout the country.

## FACTS

23. Snap contracts with hundreds of facilities across the country to provide healthcare providers to those facilities.

24. To gain employment with Defendant, a healthcare provider would provide its credentials to Snap.

25. If a healthcare advisor meets Snap's credentials and requirements, Snap contracts with healthcare provider to provide their services to facilities throughout the country who are in need of temporary healthcare providers.

26. During the COVID-19 pandemic, healthcare providers became more in demand. Snap became a useful resource for entities throughout the country who needed healthcare providers.

27. Plaintiff contracted with Snap in August 2020 to offer her services as a provider.

28. Plaintiff was contracted to depart from her home in Beaver, Pennsylvania to Ft. Lauderdale, Florida.

29. Plaintiff was told by her employer that she had to drive; she could not fly to Ft. Lauderdale, Florida. Plaintiff needed her vehicle for the healthcare job she was providing.

30. On August 21, 2020, Plaintiff left Beaver, Pennsylvania and arrived in Ft. Lauderdale, Florida on August 22, 2020.

31. Defendant agreed to pay Plaintiff $77.00 an hour for the first 40 hours and $115.50 an hour for hours worked in excess of 40 hours.

32. Pursuant to her contract with Defendant, Plaintiff was guaranteed to be paid for 48 hours of work. Plaintiff's guarantee was conditioned on Plaintiff being available to work. The guaranteed hours are paid at the regular rate of pay with overtime rates if needed. Guaranteed hours were for the start of the assignment on August 23, 2020, not upon the arrival at the hotel. The orientation for her contract was to begin on August 19, 2020 through August 23, 2020 between 7:00 a.m. and 7:00 p.m.

33. Pursuant to the above contract, Plaintiff arrived at her worksite on August 21, 2020 for orientation; however, was not provided work as guaranteed by her contract.

34. Further, Plaintiff was not provided reimbursement for her travel and lodging to and from Ft. Lauderdale, Florida or pay for travel to and from Ft. Lauderdale, Florida.

## RULE 23(b)(3) CLASS ACTION

35. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, named Plaintiff Erica Ramirez brings her claim for relief to redress and remedy Defendant's violations of the FLSA and breach of contract on behalf of the following Class:

> All employees of the Defendant who were contracted to provide temporary services for Defendant but were not reimbursed for travel time and expenses.

36. The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendant's records.

37. Numerosity: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class comprises of at least several hundred persons.

38. Commonality: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the class in that Plaintiff and all members of the proposed

class have been harmed by Defendant's failure to compensate current and/or former healthcare providers for all hours worked and time and a half for hours promised in its contract. The common questions of law and fact include, but are not limited to, the following:

    a.    whether Defendant refused to pay Plaintiff and members of the proposed class guaranteed wages in violation of its contract.

39. Typicality: The claims of Plaintiff herein are typical of those claims which could be alleged by any member of the class, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendant, as alleged herein, of not paying guaranteed hours in its contract. Defendant's compensation policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

40. Adequacy of Representation: Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who are experienced and competent in both wage and hour law and complex class action litigation.

41. Predominance and Superiority: The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary

duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

42. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

43. Pursuit of this action a class action will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the proposed class.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings the First Cause of Action, 29 U.S.C. § 216(b), on behalf of herself and the following collective:

> All employees of the Defendant who were contracted to provide temporary services for Defendant but were not paid for the guaranteed hours promised by the Defendant in breach of its contract.

45. At all relevant times, Plaintiff and the members of the putative Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

46. Defendant is an employer of Plaintiff and the members of the putative Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

47. At all relevant times, Plaintiff and the members of the putative Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

48. Defendant has failed to pay Plaintiff and the members of the putative Collective overtime compensation to which they are entitled under the FLSA.

49. Defendant has failed to keep accurate records of time worked by Plaintiff and the members of the putative Collective.

50. Defendant is liable under the FLSA for, among other things, failing to properly compensate Plaintiff and the members of the putative Collective.

51. Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the putative Collective were not paid overtime compensation when they worked beyond forty (40) hours in a workweek.

52. All of the work that Plaintiff and the members of the putative Collective performed has been assigned by Defendant, and/or Defendant has been aware of such work.

53. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the putative Collective. This policy and pattern or practice includes, but is not limited to:

    a.    Willfully failing to pay Plaintiff and the members of the putative Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek;

    b.    Willfully not paying Plaintiff and the members of the putative Collective for travel time; and,

    c.    Willfully failing to record all of the time that its employees, including Plaintiff and the members of the putative Collective, worked for the benefit of Defendant.

54. Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the members of the putative Collective overtime compensation for all hours worked in excess of forty (40) in a workweek.

55. Plaintiff and the members of the putative Collective perform or performed the same primary duties.

56. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime Wages and Minimum Wage

57. Plaintiff realleges and incorporates by reference the above allegations.

58. Defendant has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the members of the putative Collective, as detailed in this Collective Action Complaint.

59. Defendant contracted with each provider relevant locations to provide their services but did not pay each provider to which they were contracting to provide services to and from each facility.

60. Defendant failed to pay these providers for their travel time which entails being paid below minimum wage for hours worked in overtime in violation of the FLSA.

61. Defendant's policy, pattern and practice includes, but is not limited to:

    a.    Not paying workers for hours expended to travel to and from sites where they were contracted to provide their services;

    b.    Willfully failing to pay Plaintiff and members of the Collective action for hours worked in excess of 40 hours; and,

    c.    Further evidence of its willful and reckless failure to provide Plaintiff wages for hours worked did not comply with the FLSA.

62. Defendant is liable under the FLSA for its failure to properly compensate Plaintiff and members of the Collective action for all hours worked.

## SECOND CAUSE OF ACTION
**Breach of Contract**

63. Plaintiff realleges and incorporates by reference the above allegations.

64. Defendant has engaged in a widespread policy, practice and procedure of breaching its contract with healthcare providers by not paying them guaranteed wages as guaranteed in its contract.

65. Plaintiff and the class entered into contracts with Defendant where it guaranteed its contract to provide Plaintiff and the class at least 48 hours of work so long as Plaintiff and members of the class made themselves available for work. See contract attached hereto as Exhibit "A".

66. Under Defendant's policy, once Plaintiff offered to provide services and Defendant contracted to provide them to a site, Plaintiff was required to travel to the site and was then guaranteed wages for 48 hours.

67. Plaintiff was required to drive from Beaver, Pennsylvania to Ft. Lauderdale, Florida. Plaintiff complied with this contract on August 23, 2020.

68. Plaintiff also was not properly reimbursed for her travel or lodging, as required by the contract.

69. It is upon information and belief that this also happened to hundreds of healthcare providers who made themselves available for work.

70. Defendant's failure to pay Plaintiff and members of the class for 48 hours of work is in violation of their contracts.

71. It is upon information and belief that this contract was drafted in Georgia and governed by Georgia law.

## THIRD CAUSE OF ACTION
### Promissory Estoppel

72. Plaintiff realleges and incorporates by reference the above allegations.

73. The Defendant in this case made the aforementioned promises of employment with the reasonable expectation that the Plaintiff would have relied and acted upon them.

74. The aforementioned promises induced the Plaintiff to so act.

75. Injustice can only be avoided by enforcing the promises.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all those similarly situated request that this Honorable Court:

A. Issue an Order certifying a class of employees pursuant to Rule 23 and designate Plaintiff as representative on behalf of all employees who Defendant contracted with and who Defendant breached their contract with;

B. Issue an Order appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

C. Award Plaintiff and all those similarly situated pre and post judgment interest at the statutory rate as provided under state law;

D. Award Plaintiff and all those similarly situated, attorneys' fees, costs and disbursements pursuant to state law;

E. Award Plaintiff and all those similarly situated, further legal and equitable relief that this Court deems appropriate;

F. Designate this action as an FLSA Collective Action on behalf of Plaintiff and members of the putative collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the collective action apprising them of the pendency of this action permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b) tolling the statute of limitations;

G. Award unpaid wages which constitute minimum wage and overtime compensation for all work in excess of 40 hours in a workweek;

H. Award compensation for unreimbursed travel and lodging;

I. Award liquidated damages under the FLSA as a result of Defendant's willful failure to pay for all hours worked in a workweek at a rate of time and half of the regular pay rate;

J. Award damages representing Defendant's share of state unemployment, insurance and other required employment taxes;

K. Award of service payments to Plaintiff;

L. Award of pre and post judgment payment and interests;

M. Award of costs and expenses in this action including reasonable attorney's fees and expert fees to Plaintiff's counsel pursuant to the FLSA;

N. An injunction requiring Defendant to cease its practice of violating the FLSA; and,

O. Issuance of a declaratory judgment the Defendant's actions in this collective action are unlawful and willful under the FLSA.

**TRIAL BY JURY IS DEMANDED**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 23, 2021                                   Respectfully submitted,

                                                           */s/ Gary F. Easom*
                                                           Gary F. Easom, Esquire
                                                           Ga. I.D. No. 237450
                                                           THE EASOM FIRM
                                                           P.O. Box 1093
                                                           Ponte Vedra Beach, FL 32004
                                                           Telephone: (904) 894-3094
                                                           Email: easom76@gmail.com

D. Aaron Rihn, Esquire*
Pa. I.D. No. 85752
ROBERT PEIRCE & ASSOCIATES, P.C.
707 Grant Street
Suite 125
Pittsburgh, PA 15219
Telephone: (412) 281-7229
Email: arihn@peircelaw.com

Daniel Levin, Esquire*
Pa. I.D. No. 80013
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
dlevin@lfsblaw.com

*Attorneys for Plaintiff and Putative Collection Action Members*

*pro hac vice admission to be sought*